ANANU (k.), PIOMANU (k.), MAILOU (w.) and KALAKOA
   vs. ELIZABETH HUMPHREYS and SARAH TENNY.

APPEAL FROM DECREE OF DOLE, J.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The plaintiffs A., P. and M. alleged that they were the sole owners of
   certain land as the heirs of their father K., and filed a bill to set
   aside a mortgage of such land given by their mother and her
   second husband to the defendant Humphreys, and a mortgage
   given by the plaintiff Ananu to the defendant Tenny to prevent a
   sale and foreclosure of said first mortgage, which second mort-
   gage was alleged to have been obtained by fraud and misrepre-
   sentation.

It appeared that K. had two other sons besides the plaintiffs, and that
   they died in the lifetime of their mother, and that her mortgage
   was only of the shares she was entitled to as their heir.

Held, affirming decree appealed from, that the appeal must be dis-
   missed.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from a decree of Dole, J., dismissing com-
plainants' bill.

The following is the opinion of Dole, J., on dismissing the
bill :

"The bill of complaint alleges that the plaintiffs Ananu,
Mailou and Piomanu are the only persons who have any interest
in certain lands, and that they obtained their interests as heirs
of their father, Kahananui, who died intestate in 1879 ; that
Apiki was the widow of Kahananui and the mother of his said
children, and that she, after his death, married a man named
Manuel, and joined with him in a mortgage of the said lands to
the defendant E. Humphreys, and thereafter died in 1883, and
that the said Manuel died in 1886, and claims that Apiki's
interest in the lands, after Kahananui's death, was only a dower

estate, which ceased at her death, and consequently that the mortgage in question is a fraud and a cloud upon the title of the said heirs in the land, and should be set aside.

"The bill further alleges that the said mortgagee had advertised a notice of foreclosure of the said mortgage, and of sale of the mortgaged premises, and that to prevent such foreclosure and sale, the said Ananu was obliged to pay, and did pay to W. R. Castle, the attorney for the said Humphreys, one hundred dollars, and to execute jointly with the said Kalakoa a mortgage of the said lands to the said Tenny for five hundred dollars; and that the same was without consideration, and was given solely because they ignorantly supposed, being without legal advice, that in no other way could the impending foreclosure and sale be averted, and claims that such second mortgage is a cloud upon the title of the said heirs to the said lands, and should be released; and that the action of the said W. R. Castle in the matter was extortion, and a cheat and a fraud upon the plaintiffs.

"The answer of the defendants alleges that the loan advanced on account of the first mortgage was made as set forth therein, and upon information as to the right of the said Apiki, furnished by her and her husband, which made her the heir-at-law of her sons Kahale and Kekaua, who were also the sons of said Kahananui, and that she and her husband were in possession and occupation of the mortgaged premises at the time, and collected the rents of a portion thereof, leased by the said Apiki to one Aho, and admits the advertisement of notice of foreclosure and sale, and alleges that such intended foreclosure and sale was because of default of payment of interest. The answer further alleges that before the advertised day of sale, the said 'Ananu and Kalakoa came to defendant's attorney and made inquiry as to the amount due on said mortgage, together with the expenses of foreclosure, and offered to pay the same, but asked for further time, which was not agreed to; and it was finally arranged that the said Ananu and Kalakoa should pay at once the sum of forty dollars, and make a new mortgage for

five hundred dollars, taking an assignment of the first mortgage to defendant, which agreement was perfected, and the money was procured from said Mrs. Sarah Tenny,' and a mortgage for five hundred dollars was made to her.

"The question whether Apiki, the widow of Kahananui, had at the time of the execution of the first mortgage more than a dower interest in the premises is an important issue of fact in the consideration of this case. The bill of complaint claims that she only held a dower interest, in which case, as a matter of course, her mortgage would be valueless and void after her death; and if the defendants, cognizant of such facts, induced the plaintiffs to execute a new mortgage upon the plea that the first mortgage was still a lien on the premises, it would be a fraud upon the plaintiffs, and the charges of the bill would be substantially made out. But the effect of the plaintiffs' testimony is that Kekaua and Kahale, two sons of Kahananui and Apiki, both survived Kahananui, and died before Apiki, which would make Apiki their heir, and give her an interest in the land beside her dower, which interest would vest in her representatives upon her death. This conclusion of fact is supported by Mr. Castle's testimony, that he understood that Apiki's interest in the premises was two-fifths, and by the recital of the first mortgage as to her interest as follows: 'Sell and convey unto the said mortgagee all Apiki's right, title and interest, as sole heir-at-law for Kekaua and Kahale, her sons, in these premises.'

"These facts being ascertained, are decisive of the case, and fully justify the acts of the defendants' attorney, which are complained of.

"Let a decree be entered for the defendants, dismissing the bill of complaint."

### BY THE COURT.

The complainants' advisers seem to have entirely misconceived the rights of the complainants and the facts of the case.

It appears from the evidence that Kahananui died in the year 1879, seized of the lands, the subject of this suit, leaving a

widow, Apiki, and five children, the complainants, Ananu, Pio-
manu and Mailou, and two other sons, Kahale and Kekaua.
These children thus became heirs of their father's land as
tenants in common, subject to the dower right of their mother.
The mother married one Manuel. Kahale died in the lifetime
of his mother, intestate and unmarried, and thereupon his one-
fifth share descended to his mother as sole heir. Another son,
Kekaua, also died in the lifetime of his mother, intestate, but
leaving a widow, and thereupon Kekaua's one-fifth descended,
one-half to his widow and one-half to his mother.

In March, 1883, Apiki and her husband executed a mortgage
to Mrs. Humphreys of her interest in the lands as sole heir-at-
law of Kekaua and Kahale, to secure three hundred dollars and
interest.

Apiki's interest was supposed to be two-fifths, but in fact was
only three-tenths.

Apiki died in 1883, intestate, and thereupon her interest
descended to her three surviving children, as tenants in common,
subject to the mortgage to Mrs. Humphreys.

Manuel, the second husband of Apiki, died in 1886, and in
June, 1887, Mrs. Humphreys, through her attorney, Mr. W. R.
Castle, caused a notice to be published of her intention to fore-
close her mortgage and sell the mortgaged property, the descrip-
tion of which comprised the whole of the lands which belonged
to Kahananui.

Thereupon the complainant, Ananu, who knew nothing of the
mortgage, called with the plaintiff Kalakoa upon Mr. Castle,
and, after some negotiation, it was arranged that Ananu should
pay off and take an assignment of Mrs. Humphreys' mortgage,
and he accordingly paid Mr. Castle fifty dollars on account;
and as he could not procure the balance, it was arranged that
the defendant Mrs. Tenny should advance the necessary amount
($500) and take a mortgage from the complainant Ananu.

A deed of mortgage was accordingly prepared, purporting to
be made between the complainant Ananu and Kalakoa, as
guardian of the complainant Piomanu, and the complainants

Mailou and her husband of the first part, and Mrs. Tenny of the second part, but was executed by Ananu and Kalakoa only. Kalakoa was not the guardian of Piomanu, and therefore had no authority to execute the mortgage, and consequently only the interest of Ananu was bound. Ananu subsequently paid Mr. Castle the further sum of fifty dollars on account of the interest of this mortgage. An assignment of her mortgage was executed by Mrs. Humphreys to Ananu, but for some reason not explained, neither it nor the note of Apiki was delivered to Ananu, as should have been done, but remained in the possession of Mr. Castle.

Under these circumstances it is apparent that a good consideration was given by Mrs. Tenny to the complainant Ananu for the mortgage: Mrs. Tenny's money having paid off Mrs. Humphreys' mortgage assigned to Ananu: and that it must stand.

Ananu holds the assignment of Mrs. Humphreys' mortgage, which he can keep alive and compel contribution from his brother and sister.

We think Ananu is entitled to have an account from Mrs. Humphreys and Mr. Castle of how the $550 (being $500 mortgage and $50 cash) was made up, so that he may be in a position to show to his brother and sister, if necessary, that the payment made by him was proper, but we cannot make any order in this matter.

It is clear from the foregoing remarks that Piomanu, Kalakoa and Mailou were unnecessary and improper parties to the bill, and as it seems to us that the bill cannot be amended in any way to show a cause of action, the decree dismissing the bill must be affirmed, and with costs.

M. Thompson, for plaintiffs.

A. S. Hartwell, for defendants.